**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | NO. A-05-CR-221 LY |
| | § | |
| **VICENTE GONALEZ-PESINA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Court conducted a hearing on April 7, 2015, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On June 29, 2006, the Defendant was sentenced to 115 months imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Pesina commenced his supervision on October 16, 2014.  Less than two weeks into his supervision, Pesina encountered problems.  Specifically, on October 24, 2014, police were called to an altercation at an apartment complex.  When they arrived, they found Pesina in handcuffs, having been restrained by security officers for the complex.  The security officers related that Pesina had been involved in a fight or disturbance with several other individuals, all of whom fled the scene. Pesina was intoxicated, was unaware of his location, the date, or his address.  He was intermittently

combative and uncooperative with officers.  He repeatedly banged his head on the patrol car hood, and in the rear seat of the patrol car as well.  He also made threats to the officers.  He was arrested and charged with public intoxication, resisting arrest and retaliation.  Ultimately, on March 31, 2015, Pesina was convicted pursuant to a plea agreement of attempted obstruction/retaliation, a state jail felony, and was sentenced to 300 days of custody.

Before the arrest, Pesina had already tested positive for marijuana, which he attributed to being in a car with family members who were smoking marijuana.  He then failed to report to the probation office on October 27, 2014, or thereafter.  The reason for this, of course, was that Pesina had been arrested on October 27, and was in state custody for the charges detailed above.  The probation office, however, was unaware of the arrest.  Thus, on November 5, 2014, it presented a petition alleging Pesina had violated his supervised release by failing to report and absconding, and the undersigned authorized the issuance of a warrant on November 6, 2014.  Shortly thereafter, the probation office amended the petition to allege the events set forth above, and add a violation for committing a new criminal offense.  Dkt. No. 60.  On April 1, 2015, Pesina completed his 300 day sentence, and was remanded to federal custody to appear on the amended petition.

On April 7, 2015, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.      The Defendant understood all of his statutory and constitutional rights.

11.      The Defendant violated conditions of his supervised release by (1) committing the state jail felony crime of attempted obstruction/retaliation; and (2) by testing positive for the use of marijuana. [1]

---

[1]Because Pesina was in custody on the state charge, the Court finds that he did not violate his conditions by failing to report to the probation office on October 27, 2014, or thereafter.

### III.   RECOMMENDATIONS

Pesina barely had a chance to begin on supervised release before his arrest and subsequent conviction.  Thus, while the Court believes that revocation is warranted, it also believes that it would benefit both Pesina and the safety of the community to continue Pesina on supervision thereafter, so that he can receive treatment and counseling to address his violent tendencies, and his substance abuse.  As the Court stressed at the hearing, because Pesina has yet to complete a period of supervision successfully, his prospects are not good for doing so this time, unless he takes a completely different approach to his life, and supervision, than he has in the past.  Both he and his sister and mother agreed, and indicated that rather than simply being revoked and sentenced, he wanted to receive the potential benefits of additional supervision.

Thus, the Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category was a VI, resulting in an (advisory) guideline range of 21-24 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with 30 months of supervised release to follow.  The Court further recommends that Pesina's supervision be modified to require:

1.     The defendant shall reside in a Residential Reentry Center for a period of six months. Further, once employed, the defendant shall pay 25% of his weekly gross income for her subsistence as long as that amount does not exceed the daily contract rate.

2.      The defendant participate in both mental health and substance abuse counseling, as directed by the probation office, and consistent with the existing conditions of his supervision.

As discussed at the hearing, the Court will not be able to tolerate future violations of supervised release by Pesina.  He must take the supervision seriously, and work to comply with, and benefit from, his conditions.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE